James L. **WORTHINGTON,**
Plaintiff–Appellant,

v.

UNITED STATES, **Defendant–Appellee.**

No. 98–5160.

United States Court of Appeals,
Federal Circuit.

Feb. 8, 1999.

James L. Worthington, pro se, of Graeagle, California.

Hillary A. Stern, Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, and Anthony H. Anikeeff, Assistant Director.

Before MICHEL, PLAGER, and RADER, Circuit Judges.

RADER, Circuit Judge.

The United States Court of Federal Claims dismissed James L. Worthington's claim for overtime pay under the Back Pay Act for lack of jurisdiction. *See Worthington v. United States*, 41 Fed. Cl. 181 (1998). Based on its determination that the Civil Service Reform Act (CSRA) covers Worthington's claim, the trial court decided that the Merit Systems Protection Board (MSPB or Board) has exclusive jurisdiction. Because the MSPB does not have jurisdiction over Worthington's claim and his claim otherwise falls within the jurisdictional grant of the Tucker Act, this court reverses and remands.

I.

In 1986, Worthington's employer, the United States Forest Service, transferred him to Angeles National Forest as a Civil Engineering Technician. Following the transfer, he received poor performance ratings. After failing to qualify for a within-grade pay increase, Worthington was ultimately removed in August 1990 for unacceptable performance.

Before his removal, on March 23, 1988, Worthington received an instruction letter from his supervisor. The letter expressed the supervisor's concern that Worthington had shown a pattern of taking sick and annual leave without prior approval. As a result, the supervisor enumerated certain "measures." These measures sought to ensure Worthington was "on the job when needed." Specifically, she required Worthington to work a compressed "5-4-9" schedule. In a two-week period, the 5-4-9 compressed work schedule consists of one eight-hour day, eight nine-hour days, and every other Friday off (totaling 80 hours).

In a March 28 letter to his Equal Employment Opportunity Counselor, Worthington stated that he believed he had been unlawfully placed on the compressed work schedule in violation of the Federal Employees Flexible and Compressed Work Schedules Act, 5 U.S.C. §§ 6120-6133 (1994).[1] In May, he filed a formal discrimination complaint in which he requested a hearing before an Administrative Judge appointed by the Equal Employment Opportunity Commission.

On April 2, 1990, in connection with the discrimination complaint, the Forest Service rescinded and canceled the letter of instruction. The April 2 letter apologized for the restrictions set forth in the March 23 letter, stating that "[t]his action was unwarranted."

Mr. Worthington then filed a claim with the Court of Federal Claims seeking compensation under the Back Pay Act, 5 U.S.C. § 5596 (1994), for the time he worked the compressed work schedule. That Act reads, in relevant part:

1. Section 6127 of that Act provides:
   (a) Notwithstanding section 6101 of this title, each agency may establish programs which use a 4-day workweek or other compressed schedule.
   (b)(1) An employee in a unit with respect to which an organization of Government employees has not been accorded exclusive recognition shall not be required to participate in any program under subsection (a) unless a majority of the employees in such program have voted to be so included.

(2) Upon written request to any agency by an employee, the agency, if it determines that participation in a program under subsection (a) would impose a personal hardship on such employee, shall—
   (A) except such employee from such program; or
   (B) reassign such employee....
A determination by an agency under this paragraph shall be made not later than 10 days after the day on which a written request for such determination is received by the agency.

(b)(1) An employee of an agency who, on the basis of a timely appeal or an administrative determination ... is found by *an appropriate authority* under applicable law, rule, regulation, or collective bargaining agreement to have been affected by an unjustified or *unwarranted personnel action* which has resulted in the withdrawal or reduction of all or part of the pay, allowances, or differentials of the employee [is entitled to receive the pay he would have received if the personnel action had not occurred].

5 U.S.C. § 5596(b)(1) (emphasis added). Citing the April 2, 1990 letter, Mr. Worthington claims that the Forest Service, as an "appropriate authority," has determined that he has been affected by an "unwarranted" personnel action. Thus, he argues, the Back Pay Act entitles him to compensation.

The Court of Federal Claims dismissed the claim for lack of jurisdiction. The court explained that the CSRA provides the MSPB exclusive jurisdiction to review federal employee disputes within its terms. The court further reasoned: "[T]he comprehensive CSRA scheme includes claims for back pay." *Worthington,* 41 Fed. Cl. at 184. Therefore, the court determined, the MSPB—not the Court of Federal Claims—has exclusive authority to hear Worthington's claim. Worthington appeals.

He agrees that, if the MSPB has exclusive jurisdiction over his claim, the Court of Federal Claims lacks jurisdiction. He contends, however, that his claim falls outside the scope of the CSRA and that the MSPB does not have jurisdiction. Accordingly, he continues, the CSRA does not remove from the Court of Federal Claims jurisdiction otherwise granted by the Tucker Act.

## II.

■ As an initial matter, this court notes that Worthington's claim fits within the terms of the Tucker Act. That Act gives the Court of Federal Claims jurisdiction over claims against the United States founded upon, *inter alia,* an Act of Congress. *See* 28 U.S.C. § 1491(a)(1) (1994). To fall within the Tucker Act's jurisdictional grant, a claim must invoke a statute that mandates the payment of money damages. The Back Pay Act is such a "money-mandating" statute when based on violations of statutes or regulations covered by the Tucker Act. *See United States v. Connolly,* 716 F.2d 882, 887 (Fed.Cir.1983). Worthington's Back Pay Act claim founded on the underlying violation of the Federal Employees Flexible and Compressed Work Schedules Act satisfies the "Act of Congress" prong of the Tucker Act.

■ This, however, does not end the inquiry. The Supreme Court held in *United States v. Fausto,* 484 U.S. 439, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988), that the enactment of the CSRA operated to deprive a Tucker Act court of jurisdiction it would otherwise have over certain actions. This court must determine whether this is such an action.

In *Fausto,* the Supreme Court addressed the jurisdiction of the Claims Court (now, the Court of Federal Claims) in the context of the Back Pay Act and the CSRA:

[W]e find that under the comprehensive and integrated review scheme of the CSRA, the Claims Court (and any other court relying on Tucker Act jurisdiction) is not an "appropriate authority" [under the Back Pay Act] to review an agency's personnel determination.... Such authority would include the agency itself, or the MSPB or the Federal Circuit where those entities have the authority to review the agency's determination.

484 U.S. at 454, 108 S.Ct. 668. This court has noted that *Fausto* deprives the Court of Federal Claims of jurisdiction over personnel actions covered by the CSRA. *See Romero v. United States,* 38 F.3d 1204, 1211 (Fed.Cir. 1994) (citing *Bosco v. United States,* 931 F.2d 879, 883 (Fed.Cir.1991)). The CSRA, by its terms, however, does not encompass every adverse personnel action against a federal employee. *See Romero,* 38 F.3d at 1211. The question then becomes whether the CSRA "covers" Worthington's action.

To determine the coverage of the CSRA, this court assesses the jurisdiction of the Board, the primary institution for adjudicating an employee's allegations of prohibited personnel practices under the CSRA. For example, where the Board has jurisdiction

over a claim, this court has held that the Claims Court does not. *See McClary v. United States,* 775 F.2d 280, 282 (Fed.Cir. 1985) ("Where an employee is provided a means of redress under the CSRA, that is, an appeal to the Board, the employee does not have an independent cause of action in the Claims Court."). The Claims Court, in turn, took this analysis a step further by applying it the other way around—if the Board does not have jurisdiction, then the Claims Court (and thus the Court of Federal Claims) does. *See Shelleman v. United States,* 9 Cl.Ct. 452, 458 (1986) ("[A]ny residual Tucker Act jurisdiction relating to federal personnel actions should be analyzed according to the exclusive jurisdiction prescribed in the CSRA relative to the MSPB.").

■ The Board's jurisdiction is not plenary, but limited to that conferred by law, rule, or regulation. Upon review of the relevant provisions, this court finds no law, rule, or regulation that gives the Board jurisdiction over Worthington's claim for violation of the Federal Employees Flexible and Compressed Work Schedules Act. *See* 5 U.S.C. §§ 7701(a), 7712 (1994); 5 C.F.R. § 1201.3(a) (1998). Being forced to work a compressed work schedule does not, for example, constitute a removal, a suspension, a reduction in grade or pay, a furlough, or a reduction-in-force, as enumerated in those provisions. Indeed, the government's brief conspicuously fails to identify any provision that grants the MSPB jurisdiction over Worthington's claim.

In reaching the opposite conclusion, the Court of Federal Claims relies principally on a line of Board cases culminating in *Spezzaferro v. Federal Aviation Administration,* 24 M.S.P.R. 25 (1984). In *Spezzaferro,* the Board had previously reversed the appellants' removal from their agency. After the agency reinstated them, the appellants again appealed to the Board alleging that the agency erred in calculating their back pay awards. In an initial decision, an Administrative Judge dismissed their claim for lack of jurisdiction over the merits of the back pay claim.

. The Board reversed the initial decision and remanded for adjudication on the merits. After analyzing its precedent on the issue, the Board first noted that "no law, rule, or regulation provides for Board jurisdiction over agency denials of back pay per se." *Id.* at 28. It then proceeded to distinguish, however, the situation where the agency's denial of back pay followed a Board reversal of an unwarranted personnel action. It found that the appeal of such a denial "is not an original personnel action," rather, the Board's enforcement power over a "subsequent agency action concerning a prevailing appellant" is "continuing in nature." *Id.* at 29.

■ Thus, the Board in *Spezzaferro* did not find that it has jurisdiction over all claims for back pay. Instead, in its own words, "the Board has authority to adjudicate the merits of petitions for enforcement alleging error by an agency in awarding back pay *pursuant to a Board order reversing a personnel action.*" *Id.* at 26 (emphasis added). In other words, the Board has jurisdiction over claims for back pay if it has (or had) jurisdiction over the underlying claim.

As previously discussed, the Board has no jurisdiction over Worthington's underlying claim and therefore, per *Spezzaferro,* no jurisdiction over his back pay claim. Thus, because Worthington's claim is not within the coverage of the CSRA and because it otherwise falls within the jurisdictional grant of the Tucker Act, the Court of Federal Claims has jurisdiction to adjudicate this dispute.

Worthington has pursued several other claims relating to his employment in the Forest Service before a number of administrative and judicial bodies. Whether any of those actions give rise to *res judicata* or collaterally bar Worthington from pursuing this present action, however, is not before this court.

*COSTS*

Each party shall bear its own costs.

*REVERSED and REMANDED.*