RADER, Circuit Judge,
dissenting.
Respectfully, I dissent from the majority opinion finding that Smith’s failure to ap *1371 peal the removal action does not bar his recovery of back pay in accordance with the law. Rather, I find that the Board properly denied Smith’s petition for enforcement. Because Smith did not appeal his removal from Federal service, a separate personnel action from that from which he appealed, he is not entitled to back pay for any time period beyond that date.
The Board ordered the agency to “carry out the EEOC’s decision” and to “pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Back Pay Act.” 2003 Order, slip op. 5-6. The Back Pay Act, 5 U.S.C. § 5596 provides:
(b)(1) An employee of an agency who ... is found by appropriate authority ... to have been affected by an unjustified or unwarranted personnel action which has resulted in the withdrawal or reduction of all or part of the pay, allowances, or differentials of the employee-
(A) is entitled, on correction of the personnel action, to receive for the period for which the personnel action was in ejfect-
(i) an amount equal to all or any part of the pay, allowances, or differentials, as applicable which the employee normally would have earned or received during the period if the personnel action had not occurred ....
(Emphasis added.)
While perplexing, the record reflects that Smith appealed solely from the agency’s constructive suspension action, not from the removal action, even though he and his lawyer were informed of his right to appeal. Thus, the sole “personnel action” at issue here was the constructive suspension. Smith was not constructively suspended from the position of Materials Expediter. Rather, Smith was constructively suspended from his position as a welder, the constructive suspension from the welder position spanning the period between his initial placement on leave without disability until his eventual removal from that position. Therefore, the period of compensation for purposes of the Back Pay Act, i.e., the period in which Smith was constructively suspended, ended by June 1997 and the army correctly followed the EEOC’s directions.
It is uncontested that Smith has received all of the back pay owed to him from this constructive suspension and that he continued to be paid until his last day of federal employment. Entitlement for back pay for the period of time that Smith could have been employed as a Materials Expediter beyond this date would have flown from the removal action because, as Smith argues, he would not have been removed if he had been placed in the Materials Expediter position. While the majority is correct that the Board’s enforcement power is far-reaching, it simply does not extend to personnel actions which were never appealed. Worthington v. United States, 168 F.3d 24, 27 (Fed.Cir.1999), see also Mattern v. Dep’t of Treasury, 291 F.3d 1366, 1369-70 (Fed.Cir.2002).
Smith argues that his removal is related to his constructive suspension and therefore, even though he only appealed his constructive suspension, he is entitled to back pay up to the period that the Materials Expediter position was terminated in order to return him to the status quo ante. Thus, Smith is arguing in effect that he would have been terminated in 2000 instead of 1997. However, arguably, this may not have been what resulted. Had *1372 the Materials Expediter position been eliminated, perhaps Smith would have been placed in another position and not removed in 2000, indeed, the Army may have been required to locate another accommodating position for him. Or maybe Smith would have been removed from the Materials Expediter position before it was eliminated. In fact, the period of damages Smith is claiming could have ended earlier or could have continued into perpetuity. Thus, Smith’s argument that he is entitled to back pay up until 2000 is speculative at best. Had Smith timely appealed his removal these issues may have been considered by the Board. However, he did not, and it is not for the Board to enforce a matter that has not been heard on the merits. See Guy v. Dep’t of Energy, 37 M.S.P.R. 230, 233 (1988). Thus, I would affirm the Board’s dismissal for lack of jurisdiction.