**Glen T. BURCH, Plaintiff,**

v.

**The UNITED STATES of America, Defendant.**

**No. 11–114C.**

United States Court of Federal Claims.

Aug. 10, 2011.

---

Glen T. Burch, Milford, VA, pro se.

William P. Rayel, United States Department of Justice, Civil Division, Washington, DC, for defendant.

## OPINION

HODGES, Judge.

The Department of Defense transferred Mr. Burch into a new salary classification known as the National Security Personnel System. Evidently Mr. Burch performed well there because a year later, he transferred back to the more familiar General Schedule with a promotion. Plaintiff has not been paid the salary of his promotion, however. The reason is, DOD did not promulgate regulations necessary to credit him with the correct salary level upon transfer.

Mr. Burch seeks reimbursement from the Government for its failure to pay him the salary to which he is entitled. His damages would be measured by the difference between the salary he has been paid and the salary to which he believes he is entitled. The Government moved to dismiss plaintiff's Complaint for lack of subject matter jurisdiction and failure to state a claim. We must grant defendant's motion for the reasons set forth below.

## BACKGROUND

The Department of Defense established the National Security Personnel System in 2003, to improve its personnel management policies. *See* National Defense Authorization Act, Pub.L. 108–136, 117 Stat. 1392 (2003). The new system would create modern employment procedures designed to recognize and reward Department employees for efficient service. For example, a new "pay-banding" construct would replace the pay system known to Civil Service employees as the General Schedule. This new construct would be more competitive than the General Schedule in setting salaries. Salaries under the pay-banding system would be adjusted according to factors including labor market conditions, performance, and changes in duties. Regulations governing the operation and management of the new System were published in the Federal Register on November 1, 2005. *See* 5 U.S.C. § 9902 (2006) (amended 2008).

Plaintiff was hired in 2006 by the Department of Defense to work on a project described as a DOD Field Activity. His salary was set at General Services Grade 14, Step 6. Soon after he was hired, the Field Activity converted to the new pay-banding system described above. His position at DOD was now at the "YA–3 pay-band level," and his salary was adjusted accordingly. One year later, plaintiff accepted a position with the Defense Information Systems Agency, which remained under the General Schedule payroll system. His salary upon conversion to General Schedule with a promotion was GS Grade 15, Step 1.

When plaintiff was promoted in October 2007, the regulations did not include a proce-

dure that would have guided one in Mr. Burch's position back to that of a General Schedule employee receiving a promotion. Plaintiff believes that this lack of sufficient regulations caused his salary to be calculated improperly.

## ARGUMENTS

The Department of Defense did not comply with merit system principles in implementing National Security Personnel System regulations, plaintiff contends, and this failure caused his salary to be diminished upon conversion to the General Schedule. Had he been classified as a GS Grade 14, Step 6 when he was promoted, rather than a YA–3 under the National Security Personnel System, his salary at the Defense Information Systems Agency would have been GS 15, Step 3 rather than his current GS Grade 15, Step 1.

Plaintiff's pay-setting upon promotion should have been controlled by a two-step rule, he argues, because General Schedule employees are entitled to a two-step increase in pay grade at the time of promotion. *See* 5 C.F.R. § 531.214 (2005). Plaintiff filed a Complaint with the Merit Systems Protection Board, alleging reduction in his rate of basic pay. However, the Board pointed out that the two-step rule applies only to General Schedule employees and not to National Security Personnel System employees; it dismissed plaintiff's claim for lack of jurisdiction.[1]

The applicable regulation states:

An agency must set an employee's payable rate of basic pay upon promotion following the rules in this section, consistent with 5 U.S.C. 5334(b). The promotion rule in 5 U.S.C. 5334(b) and the implementing rules in this section *apply only to a GS employee who is promoted from one GS grade to a higher GS grade.*

§ 531.214(a) (emphasis added).

The Board decided that plaintiff's salary increase was governed by the "maximum-payable-rate-rule," which is used to deter-

mine a non-General Schedule employee's rate of basic pay under the General Schedule pay system upon promotion. *See* 5 C.F.R. § 531.221(a). The maximum-payable-rate rule states the following:

When an employee's highest previous rate (as provided in § 531.222) is *based on a rate of basic pay in a non-GS pay system,* the agency must determine the maximum payable rate of basic pay that may be paid to the employee in his or her current GS position of record as follows:

(1) Compare the highest previous rate to the highest applicable rate range in effect at the time and place where the highest previous rate was earned. The highest applicable rate range is determined as if the employee held the current GS position of record (including grade in which pay is being set) at that time and place. Identify the lowest step rate in that range that was equal to or higher than the highest previous rate (or the maximum step rate if the highest previous rate exceeded the range maximum).

(2) Convert the step rate identified in paragraph (d)(1) of this section to a corresponding rate (same step) in the current highest applicable rate range for the employee's current GS position of record and official worksite. That step rate is the employee's maximum payable rate of basic pay.

§ 531.221(d)(1), (2) (emphasis added).

Plaintiff's pay-setting action was based on a promotion from a non-General Schedule position to a General Schedule position, so the Board concluded that his salary was set correctly by the maximum-payable-rate rule. The Board also noted that plaintiff accepted the promotion voluntarily, and that he did receive an increase in salary. The Board held that plaintiff failed to establish a *prima facie* basis for jurisdiction because his salary was set in conformance with controlling law and regulation. *Burch v. Dep't of Defense,* No. DC–3443–08–0020–I–1 (M.S.P.B.2008) (holding the Board lacked jurisdiction because appellant "did not raise non-frivolous

---

1. So far as we know, plaintiff did not appeal the Board's jurisdictional ruling to the Court of Appeals for the Federal Circuit.

issues of fact relating to jurisdiction" and was not able to show "that his rate of basic pay was reduced by an appealable agency action.").

The issue here is whether DOD's inability or unwillingness to provide regulations to cover its employees who transfer to the General Schedule from non-General Schedule positions in the circumstances presented, creates a cause of action in this court. Plaintiff, who appears *pro se,* alleges violations of various statutes and procedures. He argues that the agency's failure to adopt such measures violates merit system principles. *See* 5 U.S.C. § 2301(b)(3). He points to a provision that provides, "[e]qual pay should be provided for work of equal value...." *Id.* He contends that defendant engaged in certain prohibited personnel practices, specifically noting that an employee cannot "take or fail to take any other personnel action if the taking of or failure to take such action violates any law, rule, or regulation implementing, or directly concerning, the merit system principles contained in section 2301 of this title." 5 U.S.C. § 2302(b)(12). Mr. Burch believes that the Office of Personnel Management has a responsibility to insure that merit system principles are incorporated into agency regulations, and that OPM failed to monitor Department of Defense actions when the agency issued National Security Personnel System regulations. *See* 5 U.S.C. § 1103(c)(2)(D), (F).

Defendant filed motions to dismiss for lack of subject matter jurisdiction and failure to state a claim. It asserts that this court lacks jurisdiction because statutes raised by plaintiff are not money-mandating. Even if the statutes raised by plaintiff were money-mandating, defendant contends, this issue is governed by the Civil Service Reform Act, which precludes review in this court. *See e.g., United States v. Fausto,* 484 U.S. 439, 455, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988).

## DISCUSSION

▪ Jurisdiction in the Court of Federal Claims is governed by the Tucker Act, which confers jurisdiction of specified causes of action against the United States and waives the Government's sovereign immunity for such actions. *United States v. White Mountain Apache Tribe,* 537 U.S. 465, 472, 123 S.Ct. 1126, 155 L.Ed.2d 40 (2003); *Fisher v. United States,* 402 F.3d 1167, 1172 (Fed.Cir.2005). The Act applies to claims for money damages against the United States when such claims are "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2006).

▪ To come within the jurisdictional reach of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates a right to money damages; such a source must be "money-mandating." *Fisher,* 402 F.3d at 1172. If the court concludes that the source alleged to have been violated is not money-mandating, the court must dismiss the case for lack of jurisdiction. *Id.* at 1173; *see also Palmer v. United States,* 168 F.3d 1310, 1313 (Fed.Cir.1999) (holding that a 12(b)(1) motion to dismiss is properly decided by asking whether the court has a "general power to adjudicate in specific areas of substantive law").

▪ Dismissal is appropriate for failure to state a claim when the facts asserted do not entitle plaintiff to a legal remedy. *Perez v. United States,* 156 F.3d 1366, 1370 (Fed.Cir.1998); *see also Palmer,* 168 F.3d at 1313 (discussing when a 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction is appropriate compared with when a 12(b)(6) motion to dismiss for failure to state a claim is proper). To survive a 12(b)(6) motion to dismiss, the plaintiff must allege facts that raise the right to relief above the speculative level under the assumption that all allegations are true. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "The Complaint must allege facts 'plausibly suggesting (not merely consistent with)' a showing of entitlement to relief." *Palmyra Pac. Seafoods, L.L.C. v. United States,* 561 F.3d 1361, 1366–67 (Fed. Cir.2009) (quoting *Twombly,* 550 U.S. at 557, 127 S.Ct. 1955).

One means of determining whether a statute is money-mandating is by application of the Fair Interpretation Rule. *See White Mountain Apache Tribe,* 537 U.S. at 472–73, 123 S.Ct. 1126. Entitlement to money damages depends on whether a federal statute "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *Id.* at 472, 123 S.Ct. 1126 (quoting *United States v. Mitchell,* 463 U.S. 206, 217, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983)). This Rule states that if a statute creating a Tucker Act right is "reasonably amenable to the reading that it mandates a right of recovery in damages," that is enough to establish jurisdiction in the Court of Federal Claims. *White Mountain Apache Tribe,* 537 U.S. at 473, 123 S.Ct. 1126. This entreé to the court's jurisdiction is not to be "lightly inferred," but a "fair inference" is sufficient. *Id.*

The statutes advanced by Mr. Burch are not money-mandating. The Federal Circuit has held that merit system principles do not provide an independent cause of action, but are used to interpret laws, rules, or regulations that are asserted to be violated by government personnel. *See Phillips v. Gen. Servs. Admin.,* 917 F.2d 1297, 1298 (Fed.Cir. 1990).[2] If a plaintiff can prove that a regulation issued pursuant to merit system principles was violated, he may be entitled to relief. *See Wilburn v. Dep't of Transp.,* 757 F.2d 260, 262 (Fed.Cir.1985) (holding that the Department of Transportation violated reduction-in-force regulations that were guided by merit system principles). Plaintiff's contention that the Department of Defense violated the merit system *principles* of § 2301(b)(3), however, cannot form a basis for jurisdiction in this court.

Plaintiff claims violations of personnel practices provided pursuant to § 2302. Section 2302 is a statute designed to forbid agencies from engaging in certain prohibited personnel practices, "including unlawful discrimination, coercion of political activity, nepotism, and reprisal against so-called whistle-

blowers." *Fausto,* 484 U.S. at 446, 108 S.Ct. 668 (citing § 2302). Plaintiff bases his allegations on a provision of that statute which states the following:

Any employee who has authority to take, direct others to take, recommend, or approve any personnel action, shall not, with respect to such authority ... take or fail to take any other personnel action if the taking of or failure to take such action violates any law, rule, or regulation implementing, or directly concerning, the merit system principles contained in section 2301 of this title.

§ 2302(b)(12).

This court has held that § 2302(b) is not a money-mandating statute. *See Black v. United States,* 56 Fed.Cl. 19, 23 (2003) ("Section 2302(b) in no manner mentions compensation or any right to recovery for damage sustained and, hence, the statute fails to express, either directly or by implication, that a party has a right to compensation for any damage sustained."). The court ruled that nothing in this statute mandates compensation for its violation, which is the key requirement for establishing jurisdiction in this court under the Tucker Act. *Id.* Plaintiff's claim under § 2302(b)(12) is not sufficient to establish jurisdiction in this court.

Plaintiff alleges violations of § 1103, contending that the Office of Personnel Management did not monitor DOD's compliance with the merit system principles contained in § 2301. Mr. Burch highlights the following provisions of § 1103:

(c)(1) The Office of Personnel Management shall design a set of systems, including appropriate metrics, for assessing the management of human capital by Federal agencies.

(c)(2) The systems referred to under paragraph (1) shall be defined in regulations of the Office of Personnel Management and include standards for—

. . .

---

**2.** Moreover, the Court of Appeals for the District of Columbia has noted that regulations issued pursuant to § 2301 should form the basis of any claims arising under that section, rather than the vague principles it contains. *See Dep't of the*

*Treasury v. Fed. Labor Relations Authority,* 837 F.2d 1163, 1168 (D.C.Cir.1988) (discussing the purpose and meaning of the merit system principles contained in § 2301).

(D) sustaining a culture that cultivates and develops a high performing workforce;

. . .

(F) holding managers and human resources officers accountable for efficient and effective human resources management in support of agency missions in accordance with merit system principles.

§ 1103(c)(2)(D), (F).

Applying the Fair Interpretation Rule discussed above, we cannot say that the quoted material can be fairly interpreted to mandate the payment of money damages to plaintiff for its violation. That is, the statute does not create a substantive right, the violation of which requires the Government to pay damages. Rather, it expresses a mandate that federal agencies take merit system principles into account in promulgating their regulations. The language of § 1103 is not "money-mandating" for the purposes of establishing jurisdiction in this court.

This court does not possess jurisdiction to entertain plaintiff's suit pursuant to the statutes he alleges were violated because these statutes cannot be fairly interpreted as mandating the compensation of money damages. His Complaint must be dismissed. *Fisher*, 402 F.3d at 1173 (noting the absence of a money-mandating source would be "fatal to the court's jurisdiction under the Tucker Act.").

Defendant also argues that this court does not possess jurisdiction to entertain Mr. Burch's Complaint because his claims are covered by the Civil Service Reform Act. It is true that the Court of Federal Claims does not normally have jurisdiction over personnel actions that are covered by the Act. *Worthington v. United States*, 168 F.3d 24, 26 (Fed.Cir.1999) (noting that the enactment of the Civil Service Reform Act had the purpose of depriving the Court of Federal Claims of jurisdiction that it would otherwise have had over certain actions). Not every adverse personnel action against a federal employee is covered by the Act, however. *See id.* There are circumstances in which the Act does not preclude this court from exercising

jurisdiction. *See, e.g., Hall v. United States*, 617 F.3d 1313 (Fed.Cir.2010).

Plaintiff must meet the jurisdictional standards of the Tucker Act even if the challenged action is not covered by the Civil Service Reform Act. *Hall*, 617 F.3d at 1316. The complainant must identify a source of substantive law that creates a right to money damages. *Id.* Mr. Burch has not been able to identify such a source. This court does not have jurisdiction over the challenged action, irrespective of whether it may be covered by the Civil Service Reform Act.

## CONCLUSION

Plaintiff contends that he lost salary because the Department of Defense did not promulgate regulations to cover his grade level when he was promoted. Because we dismiss for lack of jurisdiction, we have not inquired into the merits of that claim—*e.g.*, whether DOD was directed to issue such a regulation, whether such a regulation might be covered by another regulation, or whether plaintiff would have qualified for relief if such a regulation had been promulgated.[3]

The issue we did address is whether DOD's inability or unwillingness to provide regulations to cover its employees in plaintiff's circumstances creates a cause of action in this court. That is, where plaintiff obtained a promotion and a raise coincident with his being transferred back to the General Schedule personnel system. For the reasons stated, the answer to that question must be no.

Statutes and regulations that plaintiff has brought to the court's attention do not authorize jurisdiction in the Court of Federal Claims. Federal courts interpret arguments offered by *pro se* plaintiffs broadly to find jurisdiction if possible, and to avoid technical demands of normal pleading and practice. *See Hughes v. Rowe*, 449 U.S. 5, 15, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (explaining that *pro se* pleadings are held to a more lenient standard, as "[a]n unrepresented litigant should not be punished for his failure to

---

**3.** These questions might be considered to be potential violations of the Administrative Procedure Act, in which case a district court would be the proper place to file suit.

recognize subtle factual or legal deficiencies in his claims.").

We considered other potential sources of jurisdiction given plaintiff's *pro se* status and that general policy.[4] However, the cases require that statutes and regulations be money-mandating to authorize jurisdiction pursuant to the Tucker Act. That barrier seems to eliminate sources of jurisdiction known to this court as well as those raised by Mr. Burch. *See Henke v. United States,* 60 F.3d 795, 799 (Fed.Cir.1995) ("The fact that [plaintiff] acted *pro se* in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures, if such there be."); *see also Carter v. United States,* 62 Fed.Cl. 66, 69 (Fed.Cl.2004) ("[w]hen ruling on motions to dismiss for lack of subject matter jurisdiction ... a court's leniency is tempered by the exacting requirements of jurisdiction.").

Mr. Burch has not shown that the Government violated a money-mandating law, rule, or regulation in his case. We do not have jurisdiction to hear the merits of his claim. Defendant's motion to dismiss for lack of jurisdiction is GRANTED. The Clerk of Court will dismiss plaintiff's Complaint. No costs.

---

4. For example, the initial regulations implementing the National Security Personnel System were governed by 5 U.S.C. § 9902. Those regulations provided guidelines for establishing a pay-setting procedure for National Security Personnel System employees when the system was first created. If the pay-setting procedures could fairly be interpreted as mandating compensation from the United States, plaintiff arguably could have a valid claim for money damages in this court. We did not find money-mandating language sufficient to allow this court to exercise jurisdiction over plaintiff's claim, however.