**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2014 MSPB 71**

Docket No. CH-752S-14-0077-I-1

**Trent D. Engler,**

**Appellant,**

**v.**

**Department of the Army,**

**Agency.**

September 3, 2014

Thomas Esparza, Rock Island, Illinois, for the appellant.

Karen Barrows, Rock Island, Illinois, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his appeal of a 10-working-day suspension for lack of jurisdiction. For the reasons discussed below, we DENY the petition for review and AFFIRM the initial decision.

BACKGROUND

¶2 The agency suspended the appellant from his GS-13 Logistics Management Specialist position for 10 working days to be served from Monday, April 29, 2013, through Friday, May 10, 2013, for conduct unbecoming a federal employee.

Initial Appeal File (IAF), Tab 1 at 10, Tab 7 at 153-55, 157 of 169. In the decision letter, the agency ordered the appellant to move his regular day off (RDO)[1] from May 3, 2013, to April 26, 2013, the Friday immediately preceding the suspension period. *Id*. at 154 of 169. Pursuant to the agency's instruction, the appellant was off work from Friday, April 26, 2013, through Monday, May 13, 2013, although he was returned to a duty status on Saturday, May 11, 2013. IAF, Tab 1 at 10, Tab 7 at 153-55 of 169.

¶3      In October 2013, the appellant appealed the suspension to the Board.[2] IAF, Tab 1. On November 6, 2013, the administrative judge issued orders advising the appellant of the jurisdictional and timeliness issues in the appeal. IAF, Tabs 2, 3. Regarding jurisdiction, the administrative judge explained that the appellant must show that the agency's suspension action exceeded 14 days in order to establish Board jurisdiction over his appeal. IAF, Tab 2 at 2. The appellant responded that, because he was forced to take his RDO on Friday, April 26, 2013, his suspension effectively exceeded 14 calendar days, vesting the Board with jurisdiction over his appeal. IAF, Tab 6. The appellant also responded that good cause existed for his late filing because the agency never provided notice of his Board appeal rights, and he did not learn that he may have an appealable action until he consulted with a lawyer on or about October 16, 2013. IAF, Tab 5 at 3. The agency moved that the appeal be dismissed for lack of jurisdiction, or in the alternative, for untimeliness, or, in the further alternative, that the suspension be upheld on the merits. IAF, Tab 7 at 5-20 of 21.

---

[1] The appellant works a compressed work schedule consisting of eight 9-hour days, one 8-hour day per pay period, and one regular day off per pay period. *See* Petition for Review (PFR) File, Tab 1 at 4-5.

[2] The petition for appeal is dated October 10, 2013. IAF, Tab 1 at 8. However, the metered-mail stamp reflects a mailing date of October 24, 2013. *Id*. at 23.

¶4 On April 15, 2014, the administrative judge issued a decision without holding the requested hearing dismissing the appeal for lack of jurisdiction. IAF, Tab 8, Initial Decision (ID). She found that the appellant was in a pay status on Friday, April 26, 2013, when he took his rescheduled RDO, and, as such, that day could not be considered part of the suspension. ID at 3. Accordingly, she concluded that the agency suspended the appellant for only 10 consecutive working days, and that the Board lacked jurisdiction over the appeal. ID at 3. She did not address the timeliness issue. *See* ID.

¶5 The appellant has filed a timely petition for review of the initial decision. PFR File, Tab 1. He again argues that the Board should find jurisdiction over his appeal because his suspension actually began on Friday, April 26, 2013, when, pursuant to the agency's decision notice, he was forced to take his RDO, and ended on Friday, May 10, 2013. *Id.* Thus, he concludes that his suspension encompassed more than 14 calendar days. *Id.* The agency opposes the appellant's petition for review. PFR File, Tab 3.

## ANALYSIS

¶6 The Board has jurisdiction over appeals only from the types of agency actions specifically enumerated by law, rule, or regulation. *Perez v. Merit Systems Protection Board*, 931 F.2d 853, 855 (Fed. Cir. 1991). These appealable actions include suspensions for more than 14 days. 5 U.S.C. § 7512(2). A "suspension" is the temporary placement of an employee in a nonpay, nonduty status. *Abbott v. U.S. Postal Service*, 121 M.S.P.R. 294, ¶ 6 (2014); *Yarnell v. Department of Transportation*, 109 M.S.P.R. 416, ¶ 10 (2008). This definition covers not just unpaid disciplinary absences but also other types of enforced leave imposed on an employee against his will. *See Abbott*, 121 M.S.P.R. 294, ¶ 6; *see also Perez*, 931 F.2d at 855.

¶7 In the instant case, as discussed above, the appellant argues that the Board has jurisdiction over his appeal because his suspension was more than 14 calendar

days when the rescheduled RDO is taken into account. The issues before us, therefore, are: (1) whether the appellant's mandated absence on April 26, 2013, constitutes enforced leave; and (2) if so, whether the day of enforced leave may be considered in conjunction with the 10-working-day suspension to reach an appealable suspension over 14 days.

¶8    We find that the switching of an optional day off under a compressed work schedule does not equate to involuntarily placing an employee in a leave status. Here, the appellant is not losing any pay or benefit of employment by having to take an alternate day off. Thus, the situation here, where management merely advised the appellant to change his day off under the Federal Employees Flexible and Compressed Work Schedules Act, Pub. L. No. 95-390, 95 Stat. 755 (1978), as amended, codified at 5 U.S.C. §§ 6120-6133, is not tantamount to forcing an employee to take leave against his will. *See generally Worthington v. United States*, 168 F.3d 24, 27 (Fed. Cir. 1999) (being forced to work a compressed work schedule is not an adverse action within the Board's jurisdiction).

¶9    Accordingly, we find that the administrative judge correctly determined that the Board lacks jurisdiction over the appellant's appeal of a 10-working-day suspension.

## ORDER

¶10    This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:

_____
William D. Spencer
Clerk of the Board
Washington, D.C.