NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**STEVEN LALLISS,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2025-1948

---

Appeal from the United States Court of Federal Claims in No. 1:25-cv-00208-CNL, Judge Carolyn N. Lerner.

---

Decided: April 16, 2026

---

STEVEN LALLISS, Roseville, CA, pro se.

BRENDAN DAVID JORDAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by TARA K. HOGAN, PATRICIA M. MCCARTHY, BRETT SHUMATE.

---

Before REYNA, TARANTO, and STOLL, *Circuit Judges.*

PER CURIAM.

Steven J. Lalliss, M.D., appeals from the decision of the Court of Federal Claims, dismissing his claim for back-pay and declaratory relief for lack of jurisdiction. For the reasons discussed below, we affirm.

## BACKGROUND

In October 2017, the Department of Veterans Affairs appointed Dr. Lalliss to an excepted service position as an orthopedic surgeon, pursuant to 38 U.S.C. § 7401(1), at a VA medical facility in California. SAppx 4.[1] His appointment was subject to a two-year probationary period. *Id.*; 38 U.S.C. § 7403(b)(1). While Dr. Lalliss was in his probationary period, a Professional Standards Board—convened pursuant to 38 U.S.C. § 7403(b)(4)—recommended his termination and he was subsequently terminated in February 2019. SAppx 4.

Dr. Lalliss filed an individual right of action appeal with the Merit Systems Protection Board, arguing that the VA removed him in retaliation for protected whistleblowing activity. *See Lalliss v. Dep't of Veterans Affs.*, 848 F. App'x 894, 895–96 (Fed. Cir. 2021). The Board denied Dr. Lalliss's request for corrective action, and we affirmed. *See id.* at 896, 898.

On February 3, 2025, Dr. Lalliss filed a complaint with the Court of Federal Claims, arguing that the Professional Standards Board that the VA convened to conduct his probationary review was improperly constituted, which therefore rendered his subsequent removal improper. *See* SAppx 9–11. Based on his allegedly improper removal,

---

[1] "SAppx" refers to the Supplemental Appendix filed by the Government with its Informal Brief. *See* ECF No. 9. We use the pagination provided in the footer of the Supplemental Appendix.

Dr. Lalliss requested "back pay, allowances, differentials, interest, restoration to office or position, reasonable attorney fees, annual and sick leave owed, and creditable service for retirement purposes during the time of the unwarranted action." SAppx 10–11. The United States moved to dismiss the complaint for lack of subject matter jurisdiction or, alternatively, because Dr. Lalliss's claims were barred by res judicata given his prior litigation before the Board and unsuccessful appeal to this court. SAppx 1–2. The Court of Federal Claims dismissed Dr. Lalliss's complaint for lack of jurisdiction because the statutory scheme of the Civil Service Reform Act (CSRA), Pub. L. No. 95-454, 92 Stat. 1111 (1978), applies to Dr. Lalliss's personnel action and displaces the Court of Federal Claims' jurisdiction. SAppx 2. The Court of Federal Claims did not reach the issue of res judicata. *Id.*

Dr. Lalliss then filed a motion for reconsideration with the Court of Federal Claims, arguing that the court erred because it failed to consider that the CSRA chapters on removal do not apply to physicians appointed to a VA position under 38 U.S.C. § 7401(1), so he could not bring his termination claims before the Board. SAppx 4–5. The Court of Federal Claims denied Dr. Lalliss's motion for reconsideration. SAppx 6.

Dr. Lalliss appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review the Court of Federal Claims' decision to dismiss a claim for lack of subject matter jurisdiction de novo. *Waltner v. United States*, 679 F.3d 1329, 1332 (Fed. Cir. 2012). A plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence, *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002), and the leniency afforded pro se litigants with respect to formalities does not relieve them of jurisdictional requirements, *Kelley*

*v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

On appeal, Dr. Lalliss argues that the CSRA does not displace the Court of Federal Claims' jurisdiction regarding his removal action[2] because probationary employees hired under 38 U.S.C. § 7401(1) are not considered a category of employee covered under the CSRA. Appellant's Inf. Br. 2. Dr. Lalliss also asserts that 38 U.S.C. § 7403(b)(4) gives employees "protections in how they are treated during their probationary period," and "should there be no judicial review of those actions, [§ 7403(b)(4)] is powerless." *Id.* In response, the Government agrees that physicians such as Dr. Lalliss are excluded from the protections of the CSRA, but when the CSRA excludes a certain class of employees from its coverage, those employees are nonetheless precluded from seeking judicial review for personnel

---

[2]    The Court of Federal Claims characterized Dr. Lalliss's case as challenging his removal from his appointed position. While Dr. Lalliss occasionally contends that he is not actually challenging his removal but rather challenges the formation of the Professional Standards Board that terminated him as improperly convened under § 7403(b)(4), Appellant's Inf. Reply Br. 5, we look at what Dr. Lalliss's challenge is actually seeking to achieve. *See Gallo v. United States*, 76 Fed. Cl. 593, 601 (2007), *aff'd*, 529 F.3d 1345 (Fed. Cir. 2008). Here, Dr. Lalliss explicitly states that the CSRA "does not cover a *removal* of an employee hired under 38 U.S.C. § 7401(1) . . . *which is the personnel action that I am challenging*." Appellant's Inf. Br. 2 (emphases added). Moreover, Dr. Lalliss seeks restoration of his position and the money he would have earned but for his removal. SAppx 10–11. Dr. Lalliss therefore challenges his removal and his cause of action is of the type specifically envisioned by the CSRA.

actions covered by the CSRA, including removals, in the Court of Federal Claims. Appellee's Inf. Br. 6–7. We agree with the Government.

The CSRA granted the Board the exclusive authority to adjudicate specific claims raised by federal employees that arise out of certain adverse personnel actions. 5 U.S.C. §§ 7512–7513; *Worthington v. United States*, 168 F.3d 24, 26 (Fed. Cir. 1999) ("[T]he CSRA provides the [Board] exclusive jurisdiction to review federal employee disputes within its terms."). Although "[t]he CSRA, by its terms, . . . does not encompass every adverse personnel action against a federal employee," *Worthington*, 168 F.3d at 26, removal is typically a type of adverse action that is appealable to the Board. *See, e.g.*, *Bosco v. United States*, 931 F.2d 879, 883 (Fed. Cir. 1991) (explaining that Chapters 43 and 75 of the CSRA cover removals).

However, a physician appointed under 38 U.S.C. § 7401(1), such as Dr. Lalliss, is excluded from the competitive service and therefore not entitled to appeal removals to the Board under Chapters 43 or 75 of the CSRA. *See Khan v. United States*, 201 F.3d 1375, 1380–81 (Fed. Cir. 2000) (holding that a physician appointed under 38 U.S.C. § 7401(1) was excluded from the competitive service and therefore not entitled to appeal an involuntary retirement to the Board under Chapter 75); 5 U.S.C. § 4303(e) (limiting appeals under Chapter 43 to federal employees in the competitive service or in the excepted service and appointed under 5 U.S.C. § 7511); *see also* 5 U.S.C. § 7511(b)(10) (excluding excepted service VA employees from appealing their action to the Board unless appointed under 38 U.S.C. § 7401(3)). Thus, even though Dr. Lalliss's claim is of the type that can be characterized as covered by the CSRA and appealed exclusively to the Board, he is not entitled to appeal his claim to the Board.

Dr. Lalliss's apparent lack of remedy under the CSRA does not, however, mean that his claim falls within the

jurisdiction of the Court of Federal Claims. Dr. Lalliss argues that we should determine that the Court of Federal Claims has jurisdiction because if "38 U.S.C. § 7403(b)(4) does not give appellant rights to any employee affected by that law, then it is stating that Congress creates laws without any effect and that federal courts can dictate which laws Congress creates will actually have any meaning." Appellant's Inf. Reply Br. 4. However, in *United States v. Fausto*, the Supreme Court rejected the opinion of this court that "the exclusion of nonpreference members of the excepted service from the definitional sections of [CSRA] Chapter 75" constituted "congressional silence on the issue of what review these employees should receive for the categories of personnel action covered by that chapter." 484 U.S. 439, 447 (1988). Instead, the Supreme Court held that it was:

> evident that the absence of provision for these employees to obtain judicial review is not an uninformative consequence of the limited scope of the statute, but rather manifestation of a considered congressional judgment that they should not have statutory entitlement to review for adverse action of the type governed by Chapter 75.

*Id.* at 448–49. According to the Supreme Court, the CSRA's "deliberate exclusion of employees . . . from the provisions establishing administrative and judicial review for personnel action of the sort at issue" prevented the plaintiff in *Fausto* from seeking review of the agency's action. *Id.* at 455.

Similarly, here, Dr. Lalliss lacks a remedy under the CSRA, but that does not entitle him to have his claims heard in the Court of Federal Claims. *See Semper v. United States*, 694 F.3d 90, 92 (Fed. Cir. 2012) ("[B]ecause Mr. Semper is a member of the excepted service, the CSRA forecloses his right to seek review of his termination in the Court of Federal Claims."); *see Khan*,

201 F.3d at 1381–82 ("[T]he specific exclusion of Dr. Khan from the CSRA provisions covering involuntary retirement claims prevents him from seeking review in the Court of Federal Claims under the Tucker Act." (emphasis removed)); *see also United States v. Connolly*, 716 F.2d 882, 886 (Fed. Cir. 1983) (en banc) (holding that the Court of Federal Claims does not possess jurisdiction to decide a probationary employee's removal challenge even though they are specifically exempted from Chapter 75). "To allow resort to alternative remedies for complaints about matters within the statute's scope would undermine the CSRA because the statute prescribes in great detail the protections and remedies applicable to such action, including the availability of administrative and judicial review." *Gallo*, 76 Fed. Cl. at 600 (citation modified). Thus, the Court of Federal Claims did not err in determining that it lacked jurisdiction over Dr. Lalliss's adverse action appeal.

## CONCLUSION

We have considered Dr. Lalliss's remaining arguments and find them unpersuasive. Accordingly, we affirm the Court of Federal Claims' dismissal of Dr. Lalliss's complaint.

## **AFFIRMED**

### COSTS

No costs.