# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued February 19, 2009        Decided April 3, 2009

No. 08-5181

CAMILLE GROSDIDIER, PERSONALLY AND AS CLASS
REPRESENTATIVE, ET AL.,
APPELLANTS

v.

CHAIRMAN, BROADCASTING BOARD OF GOVERNORS,
APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:07-cv-01551-ESH)

*Leslie D. Alderman III* argued the cause and filed the briefs for appellants.

*Jane M. Lyons*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were *Jeffrey A. Taylor*, U.S. Attorney, and *R. Craig Lawrence*, Assistant U.S. Attorney.

Before: SENTELLE, *Chief Judge*, and GINSBURG and KAVANAUGH, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* KAVANAUGH.

KAVANAUGH, *Circuit Judge*: When the Broadcasting Board of Governors denied promotions to three employees, they sued the Board under the Administrative Procedure Act. But except where Congress specifies otherwise, the Civil Service Reform Act is the proper statutory vehicle for covered federal employees to challenge personnel actions by their employers. The District Court therefore dismissed this case. We affirm.

I

The Broadcasting Board of Governors is a federal agency responsible for the U.S. Government's international broadcasting. It manages a network of individual broadcasting services, including the Voice of America, which is known as the VOA. The VOA transmits news, educational, and cultural programming around the world in more than 40 different languages to an estimated global audience of more than 100 million people.

Plaintiffs Camille Grosdidier, Jorge Bustamante, and Carlos Martinez have worked for the VOA as international broadcasters. They are American citizens. In recent years, they have all applied for open positions within the VOA. In each case, however, the VOA instead chose to hire non-citizens for the posts. In doing so, the VOA relied upon 22 U.S.C. § 1474(1), which authorizes the Federal Government to "employ, without regard to the civil service and classification laws, aliens within the United States and abroad for service in the United States relating to the . . . preparation and production of foreign language programs when suitably

3

qualified United States citizens are not available when job vacancies occur."[1]

Plaintiffs sued the Board under the Administrative Procedure Act. They argued that they were "suitably qualified" under § 1474 and that the Board thus acted arbitrarily and capriciously in hiring non-citizens in their places. They brought their lawsuit on behalf of themselves and a purported class of similarly situated citizens who were passed over in favor of non-citizen applicants.

The District Court dismissed plaintiffs' case. It held that the Civil Service Reform Act of 1978, Pub. L. No. 95-454, 92 Stat. 1111 (codified as amended in scattered sections of 5 U.S.C.), not the APA, was the statute under which plaintiffs must challenge these personnel actions. On appeal, our review of this legal question is de novo.

---

[1] In full, 22 U.S.C. § 1474(1) provides as follows: "In carrying out the provisions of this chapter [relating to U.S. information and educational exchange programs], the Secretary, or any Government agency authorized to administer such provisions, may – (1) employ, without regard to the civil service and classification laws, aliens within the United States and abroad for service in the United States relating to the translation or narration of colloquial speech in foreign languages or the preparation and production of foreign language programs when suitably qualified United States citizens are not available when job vacancies occur, and aliens so employed abroad may be admitted to the United States, if otherwise qualified, as nonimmigrants under section 1101(a)(15) of title 8 for such time and under such conditions and procedures as may be established by the Director of the United States Information Agency and the Attorney General."

4

II

Plaintiffs argue that the Civil Service Reform Act is not the exclusive avenue for covered federal employees to bring suits challenging personnel actions and that they may pursue their claim under the Administrative Procedure Act. We disagree.

A

In 1978, Congress passed and President Carter signed the CSRA. The Act brought about "the most systematic governmental review and revision of the federal civil service system since the enactment of the Pendleton Act in 1883." William V. Luneburg, *The Federal Personnel Complaint, Appeal, and Grievance Systems: A Structural Overview and Proposed Revisions*, 78 KY. L.J. 1, 4 (1989). The CSRA replaced "the haphazard arrangements for administrative and judicial review of personnel action." *United States v. Fausto*, 484 U.S. 439, 444 (1988). To reform the "outdated patchwork of statutes and rules built up over almost a century," Congress created "an integrated scheme of administrative and judicial review, designed to balance the legitimate interests of the various categories of federal employees with the needs of sound and efficient administration." *Id*. at 444, 445 (internal quotation marks omitted).

The CSRA protects covered federal employees against a broad range of personnel practices, and it supplies a variety of causes of action and remedies to employees when their rights under the statute are violated. As our Court has emphasized, the CSRA is comprehensive and exclusive. Federal employees may not circumvent the Act's requirements and limitations by resorting to the catchall APA to challenge

agency employment actions. *Filebark v. Dep't of Transp.*, 555 F.3d 1009, 1010 (D.C. Cir. 2009); *Fornaro v. James*, 416 F.3d 63, 66-67 (D.C. Cir. 2005); *Graham v. Ashcroft*, 358 F.3d 931, 933-36 (D.C. Cir. 2004); *Carducci v. Regan*, 714 F.2d 171, 172 (D.C. Cir. 1983). We have emphasized, moreover, that the CSRA is the exclusive avenue for suit even if the plaintiff cannot prevail in a claim under the CSRA. As we have explained, Congress designed the CSRA's remedial scheme with care, "intentionally providing – and intentionally not providing – particular forums and procedures for particular kinds of claims." *Filebark*, 555 F.3d at 1010. Allowing employees to end-run the CSRA would undermine Congress's efforts to foster a "unitary and consistent Executive Branch position on matters involving personnel action." *Fausto*, 484 U.S. at 449; *see also Graham*, 358 F.3d at 934. Therefore, we have told federal employees, "what you get under the CSRA is what you get." *Fornaro*, 416 F.3d at 67.[2]

B

In the face of our extensive body of CSRA precedents casting doubt on their submission, plaintiffs cite the Federal Circuit's decision in *Worthington v. United States*, 168 F.3d 24 (Fed. Cir. 1999). There, the Federal Circuit allowed an employee to bring claims pursuant to the Tucker Act concerning a personnel action (in that case, the government's alleged failure to provide an employee with back pay after inappropriately placing him on a compressed work schedule).

---

[2] Of course, Congress is always free to make explicit exceptions to the exclusivity of the CSRA. For example, the CSRA's express terms make clear that the Act does not extinguish any right or remedy available to federal employees under federal anti-discrimination laws. 5 U.S.C. § 2302(d); *see also* 42 U.S.C. § 2000e-16(c).

*Id*. at 26, 27. *Worthington* does not apply here because this case involves the APA, not the Tucker Act. And in any event, we have some doubts about *Worthington*, which appears to be in significant tension with this Court's precedents in *Filebark*, *Fornaro*, *Graham*, and *Carducci*.

Plaintiffs also point to the text of 22 U.S.C. § 1474(1) – in particular the provision allowing the VOA to employ non-citizens "without regard to the civil service and classification laws." Appellants' Br. 23-24. But § 1474 has nothing to do with the question before us. Section 1474 contemplates the hiring of non-citizens notwithstanding the usual prohibitions on such hiring, and without regard to any limitations the civil service laws might place on that hiring. The statute does nothing to affect the exclusivity of the CSRA for suits targeting personnel decisions.

\* \* \*

In affirming the District Court's dismissal of this case, we need not decide whether the violation of § 1474 alleged by plaintiffs is, in fact, prohibited under the CSRA. Regardless of the answer to the question, plaintiffs cannot bring this suit under the APA. We affirm the District Court's judgment dismissing this case.

*So ordered*.