**Batool KHAKSARI, Appellant**

v.

**CHAIRMAN, BROADCASTING BOARD OF GOVERNORS, Appellee.**

No. 10–5084.

United States Court of Appeals, District of Columbia Circuit.

Oct. 28, 2011.

Timothy B. Shea, Nemirow Hu & Shea, Washington, DC, for Appellant.

Jane M. Lyons, Assistant U.S., R. Craig Lawrence, Ronald C. Machen, Jr., Esquire, U.S., U.S. Attorney's Office, Washington, DC, for Appellee.

Before: GINSBURG,* Circuit Judge, and EDWARDS and WILLIAMS, Senior Circuit Judges.

### JUDGMENT

PER CURIAM.

This appeal was considered upon the record from the United States District Court for the District of Columbia and the briefs and oral arguments of the parties. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See*

---

* As of the date the memorandum was publish-   ed, Judge Ginsburg had taken senior status.

D.C.Cir. R. 36(d). For the reasons explained in the accompanying memorandum, it is

**ORDERED AND ADJUDGED** that the judgment of the district court be affirmed.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

### MEMORANDUM

In this lawsuit Batool Khaksari claims the Broadcasting Board of Governors (BBG) discriminated against her on the basis of sex and other protected characteristics, in violation of Title VII, and on the basis of age, in violation of the Age Discrimination and Employment Act (ADEA). She also claims the BBG has unreasonably interpreted and unlawfully applied the statute permitting it to hire non-citizens for certain functions, 22 U.S.C. § 1474, in violation of the Administrative Procedure Act (APA). The district court entered a summary judgment for the BBG on Khaksari's claims under Title VII and the ADEA and dismissed her claim under the APA for lack of jurisdiction. We affirm both rulings.

Between 2003 and 2005 Khaksari worked as a Purchase Order Vendor for Voice of America (VOA), which is overseen by the BBG. Khaksari translated news into Farsi for the Persian Service at VOA, for which she was paid by the assignment. Khaksari, who emigrated from her native Iran to the United States in 1981, is a naturalized citizen and was in her early 50s when she was working at VOA.

First, Khaksari alleges the BBG tolerated a hostile work environment within the Persian Service and terminated her in retaliation for complaining about it. Second, the BBG rejected Khaksari for various full-time positions at VOA on grounds Khaksari says were improper or unlawful. Finally, Khaksari alleges the BBG's standard for choosing a non-citizen over a citizen is based upon an unlawful interpretation of 22 U.S.C. § 1474(1) and inconsistent with its obligations under Title VII. We address her claims relating to § 1474 first.

The Congress has by statute authorized the BBG to "employ ... aliens ... for service in the United States relating to the translation or narration of colloquial speech in foreign languages or the preparation and production of foreign language programs," but only "when suitably qualified United States citizens are not available when job vacancies occur." 22 U.S.C. § 1474(1). In § 822.1 of its policy manual, the BBG defines "suitably qualified" to mean "equally or better qualified." Under the BBG's interpretation, therefore, the VOA may reject a suitably qualified citizen in favor of a non-citizen who is better qualified.

Khaksari argues the BBG's interpretation of § 1474(1) contravenes congressional intent and discriminates improperly against citizens of the United States. The same argument was raised in *Nyunt v. BBG*, in which we held a plaintiff may bring an APA challenge to § 822.1 only through the process prescribed by the Civil Service Reform Act. 589 F.3d 445, 448–449 (D.C.Cir.2009) (citing *Grosdidier v. BBG*, 560 F.3d 495 (D.C.Cir.2009)). We therefore affirmed the dismissal of the complaint for lack of subject-matter jurisdiction. *See Grosdidier*, 560 F.3d at 497 ("what you get under the CSRA is what you get").

Notwithstanding those precedents, Khaksari asks us to remand her claim for

the district court to consider the legal implications of an arbitrator's award holding § 822.1 to be unlawful under the APA. *AFGE v. BBG*, FMCS No. 06–56331, Award of Aug. 27, 2007, at 8–9. Although we doubt Khaksari can assert issue-preclusion against the BBG, *see United States v. Mendoza*, 464 U.S. 154, 158–163, 104 S.Ct. 568, 78 L.Ed.2d 379 (1984) (barring nonmutual offensive collateral estoppel against the United States), the arbitrator's resolution of a claim on the merits does not, as Khaksari puts it, "overtake" our holding on jurisdiction in *Grosdidier*.

■ As for Khaksari's claims under Title VII and the ADEA, we review de novo the district court's grant of summary judgment, including its legal conclusion Khaksari is not an "employee" and therefore lacks standing to complain either of a hostile work environment or of retaliation, *see* 42 U.S.C. § 2000e(f); 29 U.S.C. § 630(f); *Spirides v. Reinhardt*, 613 F.2d 826, 831–833 (D.C.Cir.1979); *see also Redd v. Summers*, 232 F.3d 933, 939–940 (D.C.Cir. 2000). In *Zhengxing v. Tomlinson*, we held a translator working as a Purchase Order Vendor in the VOA's Mandarin Service was an independent contractor and therefore outside the coverage of Title VII. No. 02–5267, 2002 WL 31926829 (Dec. 31, 2002). Because that decision has the force of precedent, *see* D.C.Cir. R. 32.1(b)(1)(B), and because Khaksari has not alleged any materially different circumstance in her case, we hold she was an independent contractor and not an "employee" entitled to sue the BBG under Title VII for workplace discrimination or retaliation. Hence, we affirm the judgment for the BBG on those claims.

■ As a failed applicant for full-time positions, however, Khaksari does have standing to challenge her "non-selection" for various positions. Khaksari alleges in support of these claims she was the subject of some workplace name-calling and the like. We affirm the judgment for the BBG, however, because there is inadequate evidence that intent to discriminate against her on the basis of a protected characteristic, such as sex, age, or national origin, motivated the BBG's decisions not to select her for a full-time position. *See Davis v. Coastal Int'l Sec., Inc.*, 275 F.3d 1119, 1123 (D.C.Cir.2002) (affirming judgment for employer where challenged conduct stemmed from employees' "workplace grudge" and "resentment" toward plaintiff, not discrimination).

Khaksari's remaining claims are meritless. "American citizenship" is not a protected category under Title VII and therefore Khaksari has no basis for her claim § 822.1 violates that statute. It was neither unusual nor untoward for the district court to dismiss her individual and class claims to that effect without deciding her motion to certify a class. We further note 42 U.S.C. § 1981 does not apply to the BBG, which is an agency of the federal government.

For these reasons we affirm the dismissal of Khaksari's claims under the APA, her class claims, and her claim under § 1981, and we affirm the summary judgment for the BBG on her claims under Title VII and the ADEA.