18-2295-cv
*Page v. United States Agency for Global Media*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of December, two thousand nineteen.

PRESENT:   AMALYA L. KEARSE,
　　　　　　　RICHARD J. SULLIVAN,
　　　　　　　MICHAEL H. PARK,
　　　　　　　*Circuit Judges.*
-----------------------------------------------------------------
CARTER PAGE,

　　　　　　　*Plaintiff-Appellant*,

　　　　v.　　　　　　　　　　　　　　　　No. 18-2295-cv

UNITED STATES AGENCY FOR GLOBAL
MEDIA, OATH INC.,

-----------------------------------------------------------------

FOR APPELLANT: CARTER PAGE, pro se, Oklahoma City, OK.

FOR APPELLEES: STEPHEN CHA-KIM (Christopher Connolly, *on the brief*), Assistant United States Attorneys, *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY, *for* United States Agency for Global Media.

DAVID M. PARKER (Elbert Lin, *on the brief*), Hunton Andrews Kurth LLP, Richmond, VA, *for* Oath Inc.

Appeal from a judgment of the United States District Court for the Southern District of New York (Lorna G., Schofield, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Carter Page, proceeding pro se, appeals orders of the district court dismissing his complaint and denying his motions for preliminary injunctive relief and to participate in electronic filing.  Page sued media company Oath Inc. and the United States Agency for Global Media, formerly known as the Broadcasting

---

[1] The Clerk of Court is respectfully directed to amend the caption as above.

Board of Governors ("BBG"), alleging that they published and funded the publication of several articles that made false statements concerning him and his connection to Russian officials. He raised claims of terrorism under the Anti-Terrorism Act ("ATA"), defamation, and tortious interference. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo the dismissal of a complaint pursuant to Rules 12(b)(1) and 12(b)(6). *See Lefkowitz v. Bank of N.Y.*, 528 F.3d 102, 107 (2d Cir. 2007) (Rule 12(b)(1)); *Chambers v. Time Warner*, 282 F.3d 147, 152 (2d Cir. 2002) (Rule 12(b)(6)). Dismissal of a complaint for lack of subject-matter jurisdiction under Rule 12(b)(1) is proper "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). To survive a Rule 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (Although "a court must accept as true all of the allegations contained in a complaint," this tenet is "inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

3

Although Page argues that the district court failed to construe the facts in the light most favorable to him, our review of the district court's orders persuades us otherwise. In any event, for the reasons discussed below, Page's claims were properly dismissed as a matter of law.

## I. Terrorism Claims

The district court properly dismissed the ATA claims against BBG for lack of jurisdiction. The ATA creates a civil cause of action for injuries resulting from acts of international terrorism. *See* 18 U.S.C. § 2333(a); *Linde v. Arab Bank, PLC*, 882 F.3d 314, 319–20 (2d Cir. 2018). The ATA expressly precludes suit, however, against the United States or a U.S. agency. 18 U.S.C. § 2337(1). Because BBG is a U.S. agency, *see Nyunt v. Chairman, Broadcasting Bd. of Governors*, 589 F.3d 445, 447 (D.C. Cir. 2009), the district court lacked jurisdiction over these claims.

The district court also properly dismissed the ATA claim against Oath. For an act to constitute "international terrorism" under the ATA, it must: "(1) involve violence or endanger human life; (2) violate federal or state criminal law if committed in the United States; (3) appear intended to intimidate or coerce [a] civilian population, influence government policy, or affect government conduct by specified means; and (4) occur primarily outside the United States or transcend

4

national boundaries." *Linde*, 882 F.3d at 326; *see also* 18 U.S.C. § 2333. As the district court correctly held, Page failed to allege any facts suggesting that the articles in question were intended to intimidate or coerce civilians, influence government policy, or affect government conduct. Instead, Page focused on different acts by non-parties to attempt to show that the elements of terrorism were met, but those acts have no bearing on whether Oath intended to intimidate civilians or influence government policy. And Page's conclusory assertions that defamation and propaganda are acts of terrorism are insufficient to plausibly state a claim under the ATA. *See Iqbal*, 556 U.S. at 678 (stating that "[t]hreadbare recitals" of the elements of a claim cannot survive a Rule 12(b)(6) motion).

## II. Federal Tort Claims Act ("FTCA")

With respect to Page's FTCA claims, the district court properly dismissed them principally because Page failed to exhaust his administrative remedies. Before bringing suit under the FTCA, a plaintiff must exhaust administrative remedies by filing a claim for monetary damages with the appropriate federal entity within two years of accrual of the injury. 28 U.S.C. § 2401(b); *Phillips v. Generations Family Health Ctr.*, 723 F.3d 144, 147 (2d Cir. 2013). Curiously, Page asserts that his 2016 letter to then-FBI Director James Comey satisfies the

exhaustion requirement for his defamation claims against BBG. But even aside from the fact that BBG is an entity as to which Comey had no apparent connection or control, nothing in Page's letter suggested that he was seeking damages resulting from the publication of articles by BBG. And Page's vague assertions that he contacted the DOJ to inquire about the investigation against him and to complain about the allegedly defamatory statements also fail to meet the exhaustion requirement for the same reason – he did not allege that he was seeking damages from BBG (or anyone else) in any of those communications. Further, because the allegations arose from events occurring prior to July 2017, the two-year period for exhaustion expired in July 2019 and any FTCA claim is now "forever barred." 28 U.S.C. § 2401(b). The district court thus lacked jurisdiction over any FTCA claim. *See Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005).

### III.    State-Law Claims

Contrary to Page's argument, the district court did not have diversity jurisdiction over his state-law claims. Under 28 U.S.C. § 1332, federal courts have subject-matter jurisdiction to hear cases between diverse parties where the amount in controversy exceeds $75,000. But section 1332 requires "complete diversity," meaning that "all plaintiffs must be citizens of states diverse from those of all

6

defendants." *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 118 (2d Cir. 2014). "An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile," in other words, "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019) (internal quotation marks omitted). A person can only have one domicile. *Id.*

It is undisputed that Oath is a citizen of New York, and Page admitted in his complaint that he also is a citizen and resident of New York. Although BBG is not a New York citizen, the fact that Oath and Page were both New York citizens is enough to defeat diversity jurisdiction in this case. Page's allegation in his complaint that he "changed his location frequently" and spent only approximately 30% of his time in New York, coupled with his more recent assertion that he is no longer a citizen of New York according to that state's tax laws, does not alter that conclusion. Throughout his district court and appellate filings, Page has never alleged that, at the time he filed the complaint, he was a citizen of any other state. *See Dole Food Co. v. Patrickson*, 538 U.S. 468, 478 (2003) ("It is well settled . . . that federal-diversity jurisdiction depends on the citizenship of the parties at the time

suit is filed."). Moreover, even if we were willing to ignore Page's clear admission that he was a New York citizen and adopt his new assertion that he is a vagabond moving from state to state, the law is clear that statelessness cannot be used to establish diversity jurisdiction. *See Morgan Stanley*, 772 F.3d at 118 (holding that a party "that . . . is not a citizen of any state" cannot establish diversity); *see also Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828–29 (1989) (holding that an individual who "has no domicile in any State" is "stateless[,]" and "[his] 'stateless' status destroyed complete diversity"). Thus, Page has offered no basis for concluding that the district court had diversity jurisdiction over his state-law claims.

After determining that it lacked diversity jurisdiction over Page's state-law claims, the district court properly considered whether it was appropriate to exercise supplemental jurisdiction over those claims, and did not err in declining to do so. *See Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("A district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction." (internal quotation marks omitted)). Specifically, the court considered "[judicial] economy, convenience, fairness, and comity," *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 214 (2d Cir. 2004),

and reasoned that supplemental jurisdiction was not warranted given the early stage of the proceedings, *see Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). We discern no abuse of discretion in this decision.

## IV. Leave to Amend

The district court did not err in denying Page leave to file an amended complaint. Denials of leave to amend based on futility are reviewed de novo. *Hutchison v. Deutsche Bank Sec. Inc.*, 647 F.3d 479, 490 (2d Cir. 2011). Typically, a pro se plaintiff should be "grant[ed] leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," but leave to amend need not be granted where amendment would be futile. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks omitted). Here, the district court properly concluded that amendment would be futile because Page failed to show how he would cure the above deficiencies. Specifically, his proposed amendments would not cure deficiencies in the ATA claims because: (1) he failed to address the district court's holding that the ATA does not apply to BBG or the United States and its agencies, and (2) he failed to raise any allegations showing that Oath had the requisite intent to coerce a civilian population, influence government policy, or affect government conduct under the

ATA. Additionally, Page's proposed amendments would not cure any FTCA claims because, even if he added the United States as the appropriate defendant to an FTCA suit, he still failed to allege proper exhaustion.

Further, the district court correctly rejected Page's proposed amendment that alleged new facts pertaining to his citizenship in order to bolster his asserted basis for diversity jurisdiction. As discussed above, Page's claims that he was not a New York citizen are unavailing. And to the extent Page now seeks to establish that he is newly domiciled in a different state such as Oklahoma, a new domicile would not change the analysis, since complete diversity must exist at the time the original complaint was filed. *See Dole Food Co.*, 538 U.S. at 478.

Finally, to the extent Page wished to add new parties and new claims, he fails to explain how those parties or claims would cure the above deficiencies.

## V. Challenges to Other Orders

In his reply brief, Page admits that his appeal of the denial of injunctive relief is moot and he requests that the appeal as to that order be dismissed. We will do so, and note only that the district court was obviously correct in denying Page's motion for a preliminary injunction as moot. *Cf. Ruby v. Pan Am. World Airways, Inc.*, 360 F.2d 691, 691–92 (2d Cir. 1966) (per curiam) (holding that the appeal from

the denial of a preliminary injunction becomes moot when the case is resolved on the merits).

As for Page's appeal of the district court's denial of his motion to participate in the court's electronic filing system, that motion was filed after the complaint had been dismissed.   Thus, the district court properly denied the motion as moot.

We have considered all of Page's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

11